IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSE ESTRADA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:03-cv-51-JLF |
| | ) | |
| JONATHAN R. WELLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the Motion to Compel filed by the Plaintiff, Jose Estrada, on August 12, 2005 (Doc. 30) and the Motion for Extension of Time filed by the Defendants on October 28, 2005 (Doc. 32). The motion to compel is **GRANTED IN PART** and the motion for extension of time is **GRANTED**.

### BACKGROUND

On April 11, 2005 the Plaintiff, Jose Estrada, served certain discovery that the Defendants responded to on May 11, 2005. In these production requests, the Plaintiff sought:

> 1. Any and all Incident report, complaints, memorandums, or other documents produced by the defendants or their agents against the plaintiff before February 13, 2002.
>
> 2. Any and all grievances, complaints, or other documents received by the grievance officer, warden, assistant warden, internal investigations, or other staff at Menard concerning retaliation, mistreatments, or assault against inmates by defendants.
>
> 3. Adjustment committee final summary report of investigative status disciplinary report that was written on February 13, 2002 at Menard C.C.
>
> (Pl. Mtn at p. 1) (minor edits to original text made).

The Defendants objected to request #1 as "overly broad" but produced two documents dated

February 11, 2002 and March 4, 2002. The Defendants further asserted that they know of no other documents during the relevant time period. With respect to request #2, the Defendants objected based on relevance and indicated that the request is burdensome as they would have to go through each of the master files of all the inmates at Menard. Finally, the Defendants objected to request #3 as the Plaintiff could seek the documents from "a more convenient source." Notwithstanding this objection, the Defendants indicated that they do now know of a report dated February 13, 2002 but, they knew of, and produced, a report dated March 14, 2002. The Plaintiff makes various arguments regarding these objections.

## DISCUSSION

**Motion to Compel**

With respect to request #1, the Plaintiff states that he only wants "disciplinary reports, investigative reports, behavioral reports" from March, 2000 to February, 2002 as they would show "that Plaintiff had a great adjustment in Menard prior to the retaliation." The Defendants already have produced reports from 2002 but further note that any other documents would be irrelevant to the Plaintiff's allegations. The Plaintiff is essentially alleging that, starting in 2001, the prison officials acting arbitrarily by removing him from his prison job, transferring him to different cells and prisons, and investigating him for various infractions. He alleges that these actions were taken in retaliation for the grievances that he had filed against these Defendants. The documents that he requests in #1 appear to be related to the allegations in the complaint. At the very least, they go to background activities at the jail prior to his ultimate transfer to Pontiac Correctional Center and investigation for gang activity. When the request is limited in time, as the Plaintiff does in his motion, the request is not overly burdensome as many of the documents

he seeks are probably located in his master file.  Therefore, to the extent that responsive documents are available beyond those already provided by the Defendants, the Defendants **SHALL** produce such documents, dated from March, 2000 to February, 2002, by **November 21, 2005**.

In request #2 the Plaintiff seeks grievances and complaints filed by other inmates against the Defendants.  There is no time limit on these requests.  It is unclear how accusations of mistreatment and assault are related to the Plaintiff's allegations.  The Defendant's have pointed out that such grievances, etc. are located in the inmate files and that searching through all of the files at Menard would be unduly burdensome.  As such, this request is overly broad and unduly burdensome and the Court will not compel the Defendants to produce these documents.

Finally, with respect to request #3, the Defendants have indicated that an Adjustment Committee Summary based on the February 13, 2002 investigation (wherein the Plaintiff was transferred to Pontiac) was submitted to Defense counsel and has since been forwarded to the Plaintiff.  As such, the discovery request is moot.

**Motion for Extension of Time**

The Defendants seek and extension of time to respond to discovery requests, served on or around October 7, 2005 and additional time to depose the Plaintiff and file dispositive motions. The discovery deadline is **RESET** to **November 25, 2005.**  The dispositive motion filing deadline is **RESET** to **December 23, 2005.**

CONCLUSION

For the foregoing reasons, the Motion to Compel filed by the Plaintiff, Jose Estrada, on August 12, 2005 is **GRANTED IN PART** (Doc. 30) and the Motion for Extension of Time filed

by the Defendants on October 28, 2005 is **GRANTED** (Doc. 32).


**DATED: November 9, 2005**

                                        **s/ Donald G. Wilkerson**
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**